| | |
|---|---|
| James D. Weakley, Esq. | Bar No. 082853 |
| Erica M. Camarena, Esq. | Bar No. 227981 |

THE LAW FIRM OF
WEAKLEY, RATLIFF,
ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California  93710

Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, FRESNO POLICE OFFICERS, JESSE HERRING and CARL MCKNIGHT

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO

| | |
|---|---|
| TIA VANG, YER XIONG,<br><br>Plaintiffs,<br><br>vs.<br><br>FRESNO POLICE OFFICERS, CARL McNIGHT, JESSE HERRING and DOES 1-50,<br><br>Defendants.<br>_____ | CASE NO. 1: 05 CV 161 REC-DLB<br><br>STIPULATED PROTECTIVE ORDER RE: AUTOPSY PHOTOGRAPHS AND AUTOPSY REPORTS OF DECEDENT VUE XIONG TAKEN BY OR AT THE DIRECTION OF THE FRESNO COUNTY CORONER'S OFFICE |

It is stipulated by and between the parties through their respective counsel and ordered by the Court that the County of Fresno may release to counsel in this case, all photographs taken by or at the direction of the Fresno County Coroner's Office in connection with the death of Vue Xiong, including but not limited to, autopsy reports and autopsy photographs. Based on the foregoing, IT IS HEREBY STIPULATED:

1.  The subject documents are to be designated as "Confidential Material."  Such designations shall be made by stamping or otherwise marking the material prior to use in this litigation, as follows:  "Confidential material subject to protective order."

---

Stipulated Protective Order - Fresno Co. Coroner's Photographs

2. The "Confidential Material" shall be used solely in connection with this litigation in the preparation and trial of this case, or any related proceeding, and not for any other purpose or in any other litigation.

3. The "Confidential Material" may be disclosed only to the following persons:

a) counsel for any party to this action;

b) paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in (a), including stenographic deposition reporters retained in connection with this action;

c) court personnel including stenographic reporters engaged in proceedings as are necessarily incidental to preparation for the trial of this action;

d) any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

e) any in-house expert designated by all Parties to testify at trial in this matter;

f) witnesses may have the documents disclosed to them during deposition proceedings, arbitration and/or trial, only; the witnesses may not leave the deposition, arbitration or trial with copies of the documents, and shall be bound by the provisions of paragraph 4;

g) the finder of fact at the time of trial subject to the court's rulings on in limine motions and objections of counsel.

4. Each person to whom disclosure is made with the exception of counsel who are presumed to know of the contents of this protective order shall, prior to the time of disclosure, be provided by the person furnishing him/her such material, a copy of this order, and shall agree on the record or in writing that he/she has read the protective order and that he/she understands the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, Fresno with respect to any proceeding related to enforcement of this order, including without limitation, any proceeding for contempt. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until further order of this Court.

5. Any document filed with the Court that reveals confidential material shall be

1  filed under sealed label with a cover sheet as follows:  "This document is subject to a protective
2  order issued by the Court and may not be copied or examined except in compliance with that
3  order."  Such documents shall be kept by the Court under seal and made available only to the
4  Court or counsel.

5        6.    At the conclusion of this litigation, all confidential material received under the
6  provisions of this order, including copies made, shall be destroyed.  The conclusion of litigation
7  means the termination of the case following applicable post-trial motions, appeal and/or retrial.
8  **IT IS SO AGREED.**

10  Dated: May 27, 2005                      /s/ James C. Holland
11                                             James C. Holland,
                                           Attorney for Plaintiffs

12
13  **IT IS SO AGREED.**

14  Dated: May 25, 2005                   WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP
15
16                                     By:    /s/ James D. Weakley
                                             James D. Weakley
17                                               Attorneys for Defendants

18       IT IS SO ORDERED.

19  **Dated:   June 3, 2005**                      **/s/ Dennis L. Beck**
   3b142a                                     UNITED STATES MAGISTRATE JUDGE

---

Stipulated Protective Order - Fresno Co. Coroner's Photographs